| | |
|---|---|
| **GEORGE TAYLOR, III**, | 4:15-CV-11064-TGB |
| Petitioner, | |
| vs. | **OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL** |
| **DAVID FENBY**, | |
| Respondent. | |

## I. Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner George Taylor, III ("Petitioner") was convicted of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b; third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d; assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court. He was sentenced to 12 to 30 years imprisonment on the first-degree criminal sexual conduct conviction, a concurrent term of 9 to

15 years imprisonment on the third-degree criminal sexual conduct conviction, a concurrent term of 4 to 10 years imprisonment on the assault conviction, and a consecutive term of two years imprisonment on the firearm conviction in 2012.

In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence for the criminal sexual conduct convictions and the effectiveness of trial counsel. For the reasons stated herein, the Court denies the habeas petition, denies a certificate of appealability, and denies Petitioner leave to proceed in forma pauperis on appeal.

## II. Facts and Procedural History

Petitioner's convictions arise from his physical and sexual assault of a woman, Benita Taylor, at his home in Redford Township, Michigan on September 19, 2011. The Court adopts Petitioner's summary of the trial facts and testimony, *see* Pet. Brf., pp. 3-16, to the extent those facts are consistent with the record.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims contained in his current petition, as well as a jury misconduct claim. The Michigan Court of Appeals denied relief on those claims but noted that the parties agreed that the jury convicted Petitioner of aggravated assault rather than assault with intent to commit great bodily harm less than murder. The court thus affirmed in part, vacated

the assault to commit great bodily harm less than murder sentence, and remanded for resentencing in accordance with the jury's verdict. *People v. Taylor*, No. 310134, 2013 WL 3766583 (Mich. Ct. App. July 18, 2013) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Taylor*, 495 Mich. 915, 840 N.W.2d 323 (Dec. 23, 2013).

Petitioner, through counsel, filed his federal habeas petition on March 22, 2015. Petitioner then moved to hold his habeas case in abeyance so that he could return to the state courts to exhaust additional issues. The Court granted that motion and the case was stayed and administratively closed on April 14, 2015. Petitioner subsequently elected to abandon state court collateral review and instead moved to reopen this case to proceed only on the two exhausted claims raised in his original habeas petition. The Court granted that motion and reopened the case in 2017. Respondent thereafter filed an answer to the habeas petition contending that it should be denied for lack of merit. Petitioner filed a reply to that answer.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions

3

brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). "A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting

*Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n.7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas

relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons

before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2, 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Discussion

## A. Sufficiency of the Evidence Claim

Petitioner first asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his criminal sexual conduct convictions. Respondent contends that this claim lacks merit.

The federal due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the

factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). "[I]t is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). The "mere existence of sufficient evidence to convict ... defeats a petitioner's claim." *Id.* at 788-89.

Under Michigan law, the elements of first-degree criminal sexual conduct as relevant to this case are: (1) sexual penetration, (2) through force or coercion, and (3) personal injury to the victim or the defendant's use of dangerous weapon. *People v. Brantley*, 296 Mich. App. 546, 551, 823 N.W.2d 290 (2012); MICH. COMP. LAWS § 750.520b. The elements of third-degree criminal sexual conduct as relevant to this case are: (1) sexual penetration, (2) achieved by force or coercion. *People v. Vaughn*, 186 Mich. App. 376, 380, 465 N.W.2d 365 (1990); MICH. COMP. LAWS § 750.520d. The requisite force "encompasses the use of force against the victim to either induce the victim to submit to sexual penetration or to seize control of the victim in a manner to facilitate the accomplishment

of sexual penetration without regard to the victim's wishes." *People v. Carlson*, 466 Mich. 130, 140, 644 N.W.2d 704 (2002). Force or coercion also includes situations where "the actor forces the victim to submit by threatening to use force or violence [when] the victim believes the actor has the present ability to execute the threat." *People v. Makela*, 147 Mich. App. 674, 682, 383 N.W.2d 270 (1985).

The prosecution must prove beyond a reasonable doubt that the defendant committed the charged offense. *People v. Kern*, 6 Mich. App. 406, 409, 149 N.W.2d 216 (1967). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including the identity of the perpetrator, *Kern*, 6 Mich. App. at 409; *see also People v. Johnson*, 146 Mich. App. 429, 434, 381 N.W.2d 740 (1985), and the defendant's intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997); *see also People v. Nowack*, 462 Mich. 392, 402-03, 614 N.W.2d 78 (2000).

Applying the *Jackson* standard, the Michigan Court of Appeals ruled that the prosecution presented sufficient evidence to support Petitioner's first-degree and third-degree criminal sexual conduct convictions and denied relief on this claim. The court explained in relevant part:

At trial, the complainant testified that she was forced to perform fellatio on defendant twice while at defendant's residence. The complainant testified that defendant physically assaulted her and then forced her into the hallway where she unwillingly performed fellatio on defendant for the first time. The complainant testified that she initially refused to perform fellatio on defendant but was then coerced to do so after defendant retrieved a shotgun from another room and threatened her with the weapon. Shortly thereafter, the complainant ran to the bathroom to use her telephone to call for help. The complainant attempted to lock the bathroom door, but before she could, defendant forcibly opened the bathroom door. Once in the bathroom, defendant punched the complainant in the face, which caused the complainant to fall into the bathtub and knock her head on a ceramic soap dish that cracked as a result. The complainant testified that defendant then ordered her into his bedroom where he forced her to perform fellatio on him for the second time. While performing fellatio, the complainant recalled that she vomited on her shoulder and possibly on defendant's pillow. Shortly thereafter, defendant allowed the complainant to leave his residence. The complainant reported the incident shortly after leaving defendant's residence. At this juncture, the complainant's testimony alone was sufficient to sustain defendant's convictions of CSC I and CSC III. *Szalma*, 487 Mich at 724.

Defendant's contention of insufficient evidence rests solely on issues of witness credibility. That is, he asserts that there was no credible or reliable evidence presented to support these convictions, particularly considering that the complainant provided differing details about the incident between the time she initially reported the incident and when she provided her statement to the police a few days after the incident. However, issues of credibility are left to the trier of fact to decide and, despite any perceived inconsistencies in the complainant's testimony, the trier of

fact was nonetheless free to conclude that the complainant was credible. *People v. Fletcher*, 260 Mich App 531, 561; 679 NW2d 127 (2004).

Moreover, the prosecution presented strong physical evidence to support the complainant's allegations. Several witnesses observed the complainant with bruising and abrasions on her face and body after the incident occurred and photographs of her injuries were presented to the jury. At defendant's residence, Redford Police Department Detective William Hand observed that the frame of the bathroom door was damaged and he found a broken soap dish in the bathroom. Hand also located blood on the bathroom walls that matched the complainant's DNA sample reference and a loaded shotgun in the basement.

*Taylor*, 2013 WL 3766583 at *4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The evidence presented at trial, viewed in a light favorable to the prosecution, established that Petitioner committed the criminal sexual conduct crimes. The victim testified that Petitioner physically assaulted her in the hallway, threatened her with a shotgun, and forced her to perform fellatio on him. When she fled into the bathroom, he physically assaulted her, threatened her with more violence, ordered her into the bedroom, and forced her to perform fellatio on him a second time. *See* 3/7/12 Trial Tr., pp. 44-59. Such testimony, if believed, was sufficient to support Petitioner's convictions for first-degree criminal sexual conduct and third-degree criminal sexual conduct. A victim's testimony alone

can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658–59 (6th Cir. 2008) (citing cases). Moreover, the victim's injuries and the physical evidence recovered from Petitioner's residence, including the broken items in the bathroom, the loaded shotgun, and the victim's DNA supported the victim's testimony. *See* 3/7/12 Trial Tr., pp. 194-204.

Petitioner challenges the credibility of the victim due to variations in her statements and the jury's evaluation of the evidence and testimony presented at trial. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *see also Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable. Habeas relief is not warranted on this claim.

## B. Ineffective Assistance of Counsel Claim

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to file a pre-trial notice to

introduce evidence of Petitioner's and the victim's pre-existing sexual relationship as required by Michigan's rape shield statute.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

Applying the *Strickland* standard, the Michigan Court of Appeals ruled that Petitioner failed to establish the factual predicate for this

claim and failed to show that any error by counsel was outcome determinative and denied relief on this claim. The court explained in relevant part:

> MCL 750.520j, which governs the admission of evidence concerning a victim's sexual conduct, provides, in relevant part:
>
> > (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:
> >
> > (a) Evidence of the victim's past sexual conduct with the actor.
> >
> > * * *
> >
> > (2) If the defendant proposes to offer evidence described in subsection (1)(a) ..., the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof....
>
> Regarding the notice requirement, "[t]his Court has held that failure to comply with the notice requirement of MCL § 750.520j does not necessarily preclude the admission of evidence of past sexual relations between a victim and a defendant." *Dixon*, 263 Mich App at 399. If a defendant fails to file a notice of intent, "the trial court must determine whether the evidence is admissible on a case-by-case basis considering whether the defendant's timing of the offer to

16

produce such evidence suggests an improper tactical purpose, and whether the probative value of the evidence outweighs its prejudicial effect." *Id*. at 399–400.

During his opening statement, defense counsel indicated that defendant and the complainant had an existing sexual relationship. Defense counsel also stated that the complainant consented to performing fellatio on defendant on the evening at issue. Further, defense counsel expected the complainant to deny performing fellatio on defendant on three occasions before the incident occurred. Before the beginning of proofs, the prosecution objected to defense counsel's opening statement on the ground that defense counsel had failed to file the required notice of intent required by the rape shield statute. Defense counsel countered that he was not required to file such notice in this instance. The trial court held that notice was required, but provided defense counsel an opportunity to provide legal authority to support his position. Evidently, such authority was not presented, and defense counsel did not cross-examine the complainant about her and defendant's alleged sexual relationship.

In addressing a similar matter, this Court concluded that "[d]efense counsel was constitutionally deficient for failing to file the required notice of intent to produce this evidence," especially where such evidence would be highly probative and it was "clear from the record ... that the trial court determined to exclude this evidence based on defense counsel's failure to file a notice of intent." *Id*. at 400. As such, defense counsel's performance was, at the very least, constitutionally deficient for failing to file the required notice of intent where he intended to cross-examine the complainant about her alleged sexual relationship with defendant. But, although evidence of a consensual sexual relationship between defendant and the complainant could have been highly probative, *id*., defendant has failed to

establish the factual predicate for this claim and, further, that defense counsel's failure to file a notice to introduce such evidence in this instance deprived him of a substantial defense. *Carbin*, 463 Mich at 600; *Chapo*, 283 Mich App at 371. It is not apparent from the record, and defendant has not explained on appeal, how defense counsel sought to establish that he and the complainant had an existing consensual sexual relationship before the incident occurred and there is no direct evidence of such a relationship.[3] Nevertheless, the prosecution provided strong evidence that supported the complainant's allegations, including the complainant's blood located in the bathroom, a loaded shotgun in the basement, and testimony regarding the complainant's physical injuries. Therefore, defendant has failed to show that defense counsel's error was outcome determinative.

*Taylor*, 2013 WL 3766583 at *1-2 (footnote in original).

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Assuming that trial counsel erred by failing to file the aforementioned notice, Petitioner fails to establish that he was prejudiced by counsel's conduct. First, as discussed by the Michigan Court of Appeals, Petitioner fails to provide factual support for his allegation of prejudice, *i.e.,* evidence of a prior, existing sexual relationship between Petitioner and victim. *See, e.g, Vinson v. McLemore*, 226 F. App'x 582, 584 (6th Cir.

---

[3] Defendant did present the testimony of Jowanna Mitchell, who implied the existence of a relationship between defendant and the complainant. There was also a brief reference, during defendant's interview, to a relationship between defendant and the complainant.

2007) ("The key problem with Vinson's claim is that he has not established the factual predicate for bringing it."). To be sure, counsel acknowledged at the time of trial that the victim would deny that she had performed fellatio on Petitioner three times before the incident at issue. *See* 3/6/12 Trial Tr., p. 122.

Second, despite the fact that counsel failed to file the notice, some evidence indicative of a prior sexual relationship between Petitioner and the victim was presented at trial. Jowanna Mitchell testified that she saw Petitioner and the victim go into a bedroom alone for about an hour when they were at a baby shower, *see* 3/9/12, Trial Tr., pp. 19-20. Detective Hand testified about his pre-trial interview with Petitioner and stated that Petitioner told him "about the amount of times he had oral sex" with the victim. Detective Hand also recalled suggesting that Petitioner and the victim were "kind of seeing each other on the side." *See* 3/8/12 Trial Tr., pp. 32-33. During closing arguments, counsel also discusses the extent of the parties' existing relationship and references Petitioner's video recording in which he states that he and the victim had consensual sex three times before the date of the incident. *See* 3/9/12 Trial Tr., p. 48.

Third, the prosecution presented significant evidence of Petitioner's guilt, including the victim's testimony, her physical injuries, and the evidence recovered from Petitioner's residence, including the victim's

DNA, the broken items in the bathroom, and the shotgun from the basement. Given such circumstances, Petitioner fails to show that he was prejudiced by trial counsel's conduct in this regard. More importantly, for purposes of habeas review, the Court cannot conclude that the Michigan Court of Appeals' decision to that effect is unreasonable. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies habeas relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a). This case is **CLOSED**.

**IT IS SO ORDERED**.

DATED: January 31, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge